**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **KENNETH K. PALMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:12 CV 828 |
| | ) | |
| **MENARDS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**OPINION AND ORDER**</u>

Plaintiff Kenneth Palmer brought this action against Defendant Menard, Inc.,

incorrectly named in the complaint as "Menards," alleging violations of 42 U.S.C. § 1981

and Title VII of the Civil Rights Act of 1964. (DE # 1.) Defendant has now moved to

dismiss plaintiff's suit, or alternatively, to stay the action and compel arbitration,

arguing that plaintiff's claims are subject to binding arbitration. (DE ## 7, 8.) Plaintiff

has not filed a response to this motion, and the time to do so has passed. For the

following reasons, defendant's motion is denied.

I.    **Factual Background**[1]

Plaintiff worked at one of defendant's retail stores in Mishawaka, Indiana.

(DE # 1.) During his employment, plaintiff suffered discrimination due to his race and

color. Specifically, plaintiff was called names like "slave" and "boy." *(Id.* at 2-3.) Plaintiff

reported these incidents to a supervisor, but no action was taken against the person

---

[1] The factual allegations in plaintiff's pro se complaint are sparse. The court will
do its best to accurately summarize plaintiff's allegations, which, for purposes of
deciding this motion, the court will accept as true.

who made the statements to plaintiff. (*Id.* at 3.) Plaintiff was also accused of theft, and asked not to return to the store. (*Id.*)

On January 27, 2012, plaintiff signed a document entitled "Employee/Employer Agreement." (*See* DE # 8-1 at 2.) That agreement, stated, in part:

> In consideration of employment, continued employment, promotion or salary increase by Menard, Inc., or any division thereof, and in further consideration of the compensation paid or to be paid to me, I agree as follows:
>  . . .
>
> I agree that all problems, claims and disputes experienced within my work area shall first be resolved as outlined in the Team Member Relations Section of the Grow With Menards Team Member Information Booklet which I have received. If I am unable to resolve the dispute by these means, I agree to submit to final and binding arbitration. Problems, claims or disputes subject to binding arbitration include, but are not limited to: statutory claims under 42 U.S.C. §§ 1981-1988 . . . Title VII of the Civil Rights Act of 1964 . . . .
>
> These claims shall be resolved by binding arbitration with the American Arbitration Association ("AAA") located at 225 North Michigan Avenue, Suite 252, Chicago, Illinois 60601-7601 under its current version of the National Rules for the Resolution of Employment Disputes. Both Menard, Inc. and I understand that the AAA National Rules for the Resolution of Employment Disputes shall govern the fees in this matter, and that the costs of filing a demand for arbitration will not exceed the costs of filing a civil complaint in federal court. A copy of the National Rules for the Resolution of Employment Disputes and fee schedule of the American Arbitration Association may be obtained by contacting it at the address above.

(*Id.*)

Defendant argues that plaintiff is bound by this agreement and his lawsuit should therefore be dismissed or stayed. (DE ## 7, 8.)

## II.     Legal Standard

Defendant has moved to dismiss pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 9 U.S.C. § 3 of the Federal Arbitration Act (FAA), asserting, respectively,

that plaintiff's complaint should be dismissed because this court lacks subject matter jurisdiction, or that the court should stay the case and order plaintiff to submit his claims to arbitration. (DE # 8 at 3-4.)

Regarding RULE 12(b)(1), "[s]ubject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998); *see* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Seventh Circuit has never conclusively established that RULE 12(b)(1) is an appropriate vehicle for dismissing a suit because the claims in the suit are subject to arbitration. It discussed but ultimately did not decide the issue in *Continental Casualty Co. v. American National Insurance Co.*. 417 F.3d 727, 731-33 (7th Cir. 2005). Therefore, the court declines to dismiss plaintiff's suit under RULE 12(b)(1).

Defendant argues, in the alternative, that the court should stay the current suit and order the parties to arbitrate. (DE # 8 at 4.) The Federal Arbitration Act ("FAA") "was originally enacted 'to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts.'" *Kawasaki Heavy Indus. v. Bombardier Rec. Prods.,* 660 F.3d 988, 995 (7th Cir. 2011) (quoting *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991)). Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the

3

terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Section 4 of the FAA allows a party to a written arbitration agreement to request an order from a federal district court compelling the parties to arbitrate. *See* 9 U.S.C. § 4. Furthermore, the FAA demonstrates that Congress supports "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem. Hosp. v. Mercury Contr. Corp.*, 460 U.S. 1, 24 (1983).

Under Section 4 of the FAA, however, "a district court cannot compel arbitration outside the confines of its district." *Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 808 (7th Cir. 2011); *see also Merrill Lynch, Pierce, Fenner & Smith v. Lauer*, 49 F.3d 323, 327 (7th Cir. 1995) ("In accordance with the construction of § 4 as a restriction on the authority of nonforum courts, this Circuit has concluded that where the arbitration agreement contains a forum selection clause, only the district court *in that forum* can issue a § 4 order compelling arbitration." (emphasis in original)). The arbitration clause in this case provides for arbitration of the parties' dispute in Chicago, Illinois (DE # 8-1 at 2), which is outside of the Northern District of Indiana. Thus, this court has no power to order the parties to arbitrate, and the court will confine its analysis to determining whether a stay is appropriate in this case.[2]

---

[2] In ruling on this motion, the court may look to documents outside of the pleadings. *Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 753 n.3 (N.D. Ill. 2012).

## III. Analysis

"The FAA requires courts to stay . . . proceedings . . . if an issue in controversy is covered by a valid arbitration agreement." *Chambers v. Aviva Life & Annuity Co.*, No. 12 C 9589, 2013 WL 1345455, at *1 (N.D. Ill. Mar. 26 2013) (citing *AT & T Mobility LLC v. Concepcion,* --- U.S. ----, ----, 131 S. Ct. 1740, 1748 (2011)). Thus, to determine whether a stay is appropriate in this case, the court must determine if the parties had an enforceable agreement to arbitrate and, if so, whether plaintiff's claims are covered by the agreement. Defendant argues that both of these requirements have been met. (DE # 8 at 5.) The court will address each issue separately.

### A. Did the Parties Have a Valid Arbitration Agreement?

Federal courts rely on state contract law to determine whether an arbitration agreement constitutes a valid contract. *See Faulkenberg,* 637 F.3d at 809. "Indiana courts apply ordinary contract principles to arbitration agreements." *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997). The required elements to form a valid contract in Indiana are an offer, an acceptance, consideration, and a manifestation of mutual assent. *In re Paternity of M.F.*, 938 N.E.2d 1256, 1259 (Ind. Ct. App. 2010). "Under federal procedural law, the existence of a contract is a mixed question of law and fact that is subject to clear error review." *Winforge, Inc. v. Coachmen Industries, Inc.*, 691 F.3d 856, 868 (7th Cir. 2012).[3]

---

[3] As noted above, plaintiff has not responded to defendant's motion, and therefore, has not provided any argument that a valid contract did not exist.

Here, defendant made an offer when it provided plaintiff a copy of the

employee/employer agreement, which outlined how any potential disputes would be

resolved. Plaintiff accepted that offer by signing the agreement. *See Buschman v. ADS*

*Corp.*, 782 N.E.2d 423, 428 (Ind. Ct. App. 2003) ("Assent to the terms of a contract may

be expressed by acts which manifest acceptance."). The agreement is supported by

adequate consideration: plaintiff agreed to resolve future disputes by arbitration, and

defendant agreed to employ plaintiff (DE # 8-1 at 2)[4] and be bound by the arbitrator's

decision. *Ackerman v. Kimball Int'l, Inc.*, 652 N.E.2d 507, 509 (Ind. 1995) (promise of

continued at-will employment is consideration for a valid contract) (adopting and

incorporating *Ackerman v. Kimball Int'l, Inc.*, 634 N.E.2d 778, 781 (Ind. Ct. App. 1994); *see*

*also Chambliss v. Darden Restaurants, Inc.*, No. 1:12–cv–485, 2012 WL 4936400, at *2 (S.D.

Ind. Oct. 15, 2012) ("The [dispute resolution contract] is also supported by adequate

consideration because both parties agreed to a limitation on the avenues available for

dispute resolution; to wit, [plaintiff] agreed to arbitrate future disputes in exchange for

continued employment and [defendant] in turn agreed to be bound by the arbitrator's

agreement."); *Shimkus v. O'Charley's, Inc.*, No. 1:11–CV–122, 2011 WL 3585996, at *4

(N.D. Ind. Aug. 16, 2011) (arbitration agreement signed as a condition of employment

supported by consideration because defendant agreed to employ plaintiff); *Kreimer v.*

*Delta Faucet Co.*, No. IP99-1507, 2000 WL 962817, at *3 (S.D. Ind. June 2, 2000) ("In

---

[4] As discussed in more detail below, it is not clear whether plaintiff signed the
agreement prior to or after beginning his employment with defendant.

addition to the continued eligibility for at-will employment, consideration can also be found by way of [defendant's] agreement to be bound by the arbitrator's decision, thereby waiving its right to seek judicial determination of a raised claim."). Finally, by signing the agreement, both parties evidenced their assent to the contract. *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 743 (7th Cir. 2010) ("[Plaintiff's] signature . . . objectively demonstrated his assent to the contract."). In sum, the court finds that the parties entered into a valid and enforceable contract.

**B. Does the Arbitration Provision Cover Plaintiff's Current Claims?**

As noted above, in his current suit, plaintiff alleges violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. (DE # 1.) The arbitration provision at issue here specifically covers both 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. (DE # 8-1 at 2 ("Problems, claims or disputes subject to binding arbitration include, but are not limited to: statutory claims under 42 U.S.C. §§ 1981-1988 . . . Title VII of the Civil Rights Act of 1964 . . . .").) Thus, it is clear that the agreement to arbitrate specifically contemplated the claims that plaintiff is currently asserting against defendant.

The problem with defendant's current motion, however, is that it is not clear when the events that plaintiff alleges constituted violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 occurred. It is clear that the agreement was signed on January 27, 2012 (DE # 8-1 at 2), but there is nothing to indicate that the agreement applies retroactively. (*Id.*) Thus, if the events that prompted plaintiff's lawsuit happened

prior to the signing of the agreement, plaintiff's claims would not be subject to arbitration.

In its brief, defendant asserts that plaintiff began his employment with defendant on January 27, 2012 (DE # 8 at 1), the date that plaintiff signed the agreement. If that is the case, it would appear defendant signed the agreement prior to, or the day of, starting his employment, and the events prompting plaintiff's suit likely would have occurred after plaintiff signed the agreement, subjecting those claims to arbitration. Defendant, however, has provided the court with no evidence to support the assertion that plaintiff began his employment on January 27, 2012. *United States v. Stevens*, 500 F.3d 625, 628 (7th Cir. 2007) ("[A]rguments in a . . . brief, unsupported by documentary evidence, are *not* evidence." (emphasis in original)); *see also Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust*, 290 F.3d 843, 853 (7th Cir. 2002) ("[I]t is universally known that statements of attorneys are not evidence.").[5] Therefore, the court cannot conclude that plaintiff's current claims are covered by the arbitration provision, and defendant's motion will be denied.

---

[5] Additionally, the arbitration provision states that plaintiff's claims were subject to arbitration only if the claims could not be resolved as outlined in the Menard's Team Member Information Booklet. (DE # 8-1 at 2.) Because plaintiff filed the current lawsuit, it seems extremely unlikely that plaintiff was able to resolve his dispute as outlined in the Menard's Booklet. Defendant, however, has failed to submit any evidence which indicates that the Menard's Booklet did not prohibit a federal lawsuit as a way of resolving a dispute.

**IV.    Conclusion**

For the foregoing reasons, defendant's motion is **DENIED**. (DE # 7.) Because it appears, however, that if defendant can show that plaintiff signed the arbitration agreement prior to the alleged instances of discrimination, plaintiff's claims would be covered by the arbitration agreement, defendant is granted leave to file a second motion to dismiss.[6] Any new motion to dismiss must be filed within 30 days of the date of this order.

**SO ORDERED.**

Date: June 17, 2013

                        s/ James T. Moody
                        JUDGE JAMES T. MOODY
                        UNITED STATES DISTRICT COURT

---

[6] If defendant does file a second motion to dismiss, it may want to consider filing the motion under RULE 12(b)(3), which the Seventh Circuit has indicated is the appropriate vehicle for dismissing a case, such as the present suit, where a party seeks dismissal based on an arbitration agreement that requires arbitration outside of the district in which the lawsuit is pending. *Faulkenberg,* 637 F.3d at 808 ("[W]e have held that a Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district.").